UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-cv-00086-LLK

MELINDA WHITT                                                                                          PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 16 and Doc. 21. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 8].

Plaintiff makes two arguments. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, this Opinion will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Listings 12.03, 12.04, 12.06, and 12.15**

The ALJ found that Plaintiff's mental impairments do not satisfy Listings 12.04 (depressive, bipolar and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (trauma- and stressor-related disorders). [Administrative Record, Doc. 14 at 20]. Plaintiff argues that the ALJ should have also considered Listing 12.03 (schizophrenia spectrum and other psychotic disorders). [Doc. 16 at PageID.1469-70].

These listings share a common structure: They require that a claimant satisfy the paragraph A diagnostic criteria and also satisfy either the paragraph B severity criteria or the paragraph C alternative severity criteria. The paragraph B and C criteria are identical. The only difference is the paragraph A

1

diagnostic criteria. For example, Listing 12.03 defines disabling schizophrenia spectrum and other psychotic disorders as follows:

> 12.03 Schizophrenia spectrum and other psychotic disorders (see 12.00B2), satisfied by A and B, or A and C:
>
> A. Medical documentation of one or more of the following:
>
> 1. Delusions or hallucinations;
>
> 2. Disorganized thinking (speech); or
>
> 3. Grossly disorganized behavior or catatonia.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
>
> 1. Understand, remember, or apply information (see 12.00E1).
>
> 2. Interact with others (see 12.00E2).
>
> 3. Concentrate, persist, or maintain pace (see 12.00E3).
>
> 4. Adapt or manage oneself (see 12.00E4).
>
> OR
>
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
> 1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
>
> 2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

Appendix 1, Listing 12.03.

## The ALJ's decision

The ALJ found that Plaintiff suffers from the following severe, or vocationally significant, mental impairments: bipolar disorder, mood disorder, anxiety, depression, and post-traumatic stress disorder (PTSD). [Doc. 14 at 18].

The ALJ found that these impairments do not satisfy the medical criteria of Listings 12.04, 12.06, or 12.15. *Id.* at 20. In support, the ALJ found that Plaintiff's impairments do not satisfy paragraph B because she has only moderate limitation in the four paragraph B areas of mental functioning. *Id.* Additionally, the ALJ found that Plaintiff's impairments do not satisfy paragraph C. *Id.*

The ALJ did not specifically consider whether Plaintiff's impairments satisfy paragraph A because:

> As a threshold matter, the undersigned is cognizant of the substantial overlap in symptomology between different mental impairments, as well as the inherently subjective nature of mental diagnoses. Accordingly, the claimant's psychological symptoms and their effect on functioning have been considered together, instead of separately, regardless of the diagnostic label attached.

*Id.* The ALJ deemed it sufficient that Plaintiff's impairments do not satisfy paragraphs B or C. *Id.*

### The ALJ's finding that Plaintiff's mental impairments do not satisfy Listing 12.04 is supported by substantial evidence.

First, Plaintiff argues that the ALJ's finding that her mental impairments do not satisfy Listing 12.04 (depressive, bipolar and related disorders) is not supported by substantial evidence. [Doc. 16 at PageID.1468, 1472-73].

Plaintiff carries the burden of proving that the listing criteria are satisfied, and this burden is construed strictly because the listing represents an automatic screening in of an impairment as disabling (independently of any other medical or vocational factor). *See Sec'y of Health & Human Services v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

In support of her argument, Plaintiff relies upon: 1) A functional report completed by Plaintiff, a report by her mother, and two reports by her son; 2) Psychiatric hospitalizations in 2016 and 2018; and 3) Medical records from psychiatrist Robina Bokhari. [Doc. 16 at PageID.1468, 1470-71, 73].

Plaintiff's argument is conclusory and fails to satisfy her burden of proof. Conspicuously absent is an opinion from Dr. Bokhari or any other treating or examining source corresponding to the requirements of paragraphs A, B, or C of the Listing.[1] The ALJ was not required to accept lay functional reports as satisfying the Listing's medical requirements. In finding only moderate mental limitation, the ALJ relied on certain aspects of Plaintiff's medical records, testimony, and daily activities. [Doc. 14 at 20-21]. The ALJ found "persuasive" the opinion of the state agency psychologist that Plaintiff's mental impairments do not satisfy paragraph B. *Id.* at 27 referencing 183. The ALJ's finding that Plaintiff's mental

---

[1] Neither the ALJ nor Plaintiff specifically address paragraph A of Listing 12.04, which requires:

> A. Medical documentation of the requirements of paragraph 1 or 2:
>
> 1. Depressive disorder, characterized by five or more of the following:
>
> a. Depressed mood;
> b. Diminished interest in almost all activities;
> c. Appetite disturbance with change in weight;
> d. Sleep disturbance;
> e. Observable psychomotor agitation or retardation;
> f. Decreased energy;
> g. Feelings of guilt or worthlessness;
> h. Difficulty concentrating or thinking; or
> i. Thoughts of death or suicide.
>
> 2. Bipolar disorder, characterized by three or more of the following:
>
> a. Pressured speech;
> b. Flight of ideas;
> c. Inflated self-esteem;
> d. Decreased need for sleep;
> e. Distractibility;
> f. Involvement in activities that have a high probability of painful consequences that are not recognized; or
> g. Increase in goal-directed activity or psychomotor agitation.

Listing 12.04(A).

impairments do not satisfy Listing 12.04 (depressive, bipolar and related disorders) is supported by substantial evidence.

**The ALJ's not considering Listing 12.03 was, at worst, harmless error.**

Second, Plaintiff argues that the ALJ erred in not considering whether her mental impairments satisfy Listing 12.03 (schizophrenia spectrum and other psychotic disorders).  [Doc. 16 at PageID.1469-70].

Plaintiff's argument shows that, at worst, a harmless error occurred.  As discussed above, paragraphs B and C are identical for Listings 12.03 and 12.04.  This Opinion has already concluded (in connection with the prior argument) that the ALJ's findings with respect to paragraph B and C are supported by substantial evidence.  Therefore, even if the ALJ erred in not considering Listing 12.03, such consideration would have resulted in a finding that Listing 12.03 was **not** satisfied.

**Order**

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

March 23, 2022

Lanny King, Magistrate Judge
United States District Court